IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

WILLIE MAE HURT                                                                    PLAINTIFF

v.                                                            CIVIL ACTION NO. 3:16-CV-31-SAA

COMMISSIONER OF SOCIAL SECURITY                                       DEFENDANT

**MEMORANDUM OPINION**

      Plaintiff Willie Mae Hurt has applied for judicial review under 42 U.S.C. § 405(g) of the Commissioner of Social Security's decision denying her applications for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act. Docket 1. Plaintiff protectively filed applications for benefits on December 13, 2012, alleging disability beginning on October 1, 2006. Docket 8, pp. 172-180. The agency administratively denied the plaintiff's claim initially and on reconsideration. Docket 8, pp. 119-123, 127-129, 131-133. Plaintiff then requested an administrative hearing, which administrative law judge (ALJ) Jennifer Mills held on August 5, 2014. Docket 8, pp. 33-60. The ALJ issued an unfavorable decision on October 7, 2014. Docket 8, 11-32. The Appeals Council denied her request for review on January 12, 2016. Docket 8, pp. 1-4. Plaintiff timely filed this appeal from the October 7, 2014 decision, and it is now ripe for review.

      Because both parties have consented to a magistrate judge conducting all the proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment.

**I. FACTS**

1

Plaintiff was born March 4, 1968 and was 46 years old at the time of the ALJ hearing. Docket 8, p. 35. She is considered a younger individual for the purpose of determining disability benefits. She has a twelfth-grade education and past relevant work as an assembler. Docket 8, pp. 43, 203. Plaintiff contends that she became disabled before her application for disability as a result of back pain, diabetes, high blood pressure, arthritis, seizures, anxiety, gout and sleep apnea. Docket 8, p. 72.

The ALJ found that the plaintiff had "severe impairments" of degenerative disc disease, chronic pain syndrome, massive obesity, an affective/mood disorder, and an anxiety disorder, but that the impairments did not meet or equal a listed impairment in 20 C.F.R. Part 404 Subpart P, Appendix 1 (20 C.F.R. 4041520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). Docket 8, pp. 16, 19.

The ALJ determined that plaintiff retained the Residual Functional Capacity [RFC] to

> perform light work as defined in 20 CFR 416.967(b) with the following additional limitations: can occasionally climb, stoop, kneel, and crouch, but should never be exposed to hazards; can understand, remember, and carry out simple instructions; and can attend, concentrate, and persist on simple instructions for no more than two hours at a time.

Docket 8, p. 21.

At step four, and considering plaintiff's RFC, the ALJ found plaintiff capable of performing her past relevant work as an assembler. Docket 8, p. 25. However, the ALJ proceeded to step five, at which point she made an alternative finding at that jobs exist in the national economy that plaintiff could perform based on her age, education, work experience, and RFC. Docket 8, p. 26. Consequently, she found plaintiff was not disabled.

Plaintiff argues the ALJ erred in several ways when deciding that plaintiff was not

disabled under the Social Security Act: (i) by improperly weighing the medical opinions from the treating physician; (ii) by improperly assessing plaintiff's credibility; (iii) by failing to comply with Social Security Ruling 06-3p when evaluating plaintiff's husband's third-party function report and affidavit; (iv) by failing to comply with Social Security Ruling 82-62 when evaluating plaintiff's ability to perform her past relevant work; and (vi) by improperly assessing plaintiff's residual functional capacity. Docket 14.

## II. **EVALUATION PROCESS**

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden to prove disability rests upon plaintiff through the first four steps of the process, and if plaintiff is successful in sustaining her burden at each of the first four levels, the burden then shifts to the Commissioner at step five.[2] First, the plaintiff must prove she is not currently engaged in substantial gainful activity.[3] Second, the plaintiff must prove her impairment(s) are "severe" in that they "significantly limit [her] physical or mental ability to do basic work activities. . ."[4] At step three the ALJ must conclude that the plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If the

---

[1] 20 C.F.R. § 404.1520; 416.920 (2010).

[2] *See Crowley v. Apfel*, 197 F.3d 194, 198 (5th Cir. 1999).

[3] 20 C.F.R. § 404.1520(b); 416.920(b) (2010).

[4] 20 C.F.R. § 404.1520(c); 416.920(c).

[5] 20 C.F.R. § 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

plaintiff does not meet this burden, at step four she must prove she is incapable of meeting the physical and mental demands of her past relevant work.[6] At step five, the burden shifts to the Commissioner to prove that, considering plaintiff's residual functional capacity, age, education and past work experience, she is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is then given the chance to prove that she cannot, in fact, perform that work.[8]

### III. STANDARD OF REVIEW

The court's scope of review is limited. On appeal the court must consider whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Crowley*, 197 F.3d at 196, citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). In making that determination, the court has the responsibility to scrutinize the entire record. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds the evidence leans against the Commissioner's decision.[10]

The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a

---

[6] 20 C.F.R. § 416.920(e) (2010).

[7] 20 C.F.R. § 416.920(g) (2010).

[8] *See Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).

[9] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10] *See Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *see also Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1998).

4

preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley*, 197 F.3d at 197 (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the ALJ's conclusions. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crowley*, 197 F.3d at 197. "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson*, 402 U.S. at 390.

## IV. **DISCUSSION**

Plaintiff contends, among other arguments, that the ALJ committed error by failing to weigh the opinion of Dr. Ashley Park, one of plaintiff's treating physicians from Campbell Clinic, that plaintiff "should avoid lifting, bending and rotational type movement." Docket 14, p. 12. The Commissioner responds that even though the ALJ did not explicitly adopt or weigh Dr. Park's advice that plaintiff avoid lifting, bending, or rotational type movement, the ALJ's RFC finding sufficiently accounts for Dr. Park's remarks. Docket 15, p. 11.

An ALJ is required to explain the weight given to the opinion of a claimant's treating physician. *Davis v. Astrue*, 2008 WL 4589754 (S.D. Tex, Oct. 14, 2008). The opinion of the treating physician who is familiar with the claimant's impairments, treatments and responses, should be accorded great weight in determining disability. *Newton v. Apfel*, 209 F.3d at 455. Under 20 C.F.R. § 404.1527(c)(2), the Social Security Administration "will always give good

reasons in [its] notice of determination or decision for the weight [it] give[s] [the claimant's] treating source's opinion" and includes six factors an ALJ must consider if the treating physician's opinion is rejected. *Newton*, 209 F3d at 455-56. These factors are: (1) the physician's length of treatment of the claimant; (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support for the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician. *See id.; see also* 20 C.F.R. § 404.1527(c)(2). "[A]bsent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician *only* if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527." *Newton,* 209 F.3d at 453. However, the ALJ is not required to perform the detailed analysis "where there is competing first-hand medical evidence, and the ALJ finds as a factual matter that one doctor's opinion is more well-founded than another." *Id*. at 458.

In this case, the ALJ never even *mentioned* Dr. Park's limitations, the orthopedic specialist who had treated the plaintiff from 2009 to at least 2013 – the last date for which medical records appear in the administrative record – much less consider her opinion or weigh the physical limitations Dr. Park placed on plaintiff. She neither articulated what weight she assigned to Dr. Park's opinion, nor addressed the factors set forth in 20 C.F.R. § 404.1527(c)(2), nor found as a factual matter that any other doctor's opinion was more well-founded than that of Dr. Park. "The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." *Newton*, 209 F.3d at 455 (citations omitted).

Because the ALJ's complete failure to articulate her reasons for discounting Dr. Park's opinion constitutes error, the court is not at liberty simply to infer that she chose to discount that opinion and give greater weight to the non-examining, non-treating and consultative physicians. Even if she were not required to analyze the factors set forth in 20 C.F.R. § 404.1527(c)(2), the ALJ committed error by failing to find as a factual matter that another doctor's opinion should be given greater weight than Dr. Park's. Furthermore, the court cannot rely on the Commissioner's argument that reliable medical evidence controverts Dr. Park's opinion because the court is bound by the reasons set forth in the ALJ's decision. *Newton*, 209 F.3d at 455. The ALJ's total failure to address her decision to discount Dr. Park's opinion supports a conclusion that the ALJ did not properly discount it.

In light of this error, which could have amounted to a different RFC determination and a different determination at step four, the court finds that it is not inconceivable that a different administrative conclusion would have been reached absent the error. *See Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003). Therefore, the court finds that the case should be remanded for further proceedings.

## V. **PLAINTIFF'S REMAINING ARGUMENTS**

Because this case is being remanded for further evaluation consistent with this opinion, the court need not address the merits of the plaintiff's remaining arguments at this time.[11]

---

[11]It is worth mentioning that the ALJ also appears to have erred by concluding, at Step 4 and without the support of testimony from an Vocational Expert, that plaintiff could perform her past work even though the RFC assigned by the ALJ meant that plaintiff could not perform the full range of light work. *See* HALLEX 1-2-5-50; *see also* Soc. Sec. Rul. 83-12 (vocational expert is required when an individual's limitations preclude performance of a full range of work

7

## VI.  CONCLUSION

For the foregoing reasons, the court finds that the decision of the ALJ was not supported by substantial evidence and did not apply proper legal standards.  The decision of the Commissioner is reversed, and the case will be remanded for further evaluation consistent with this opinion.  A final judgment in accordance with this memorandum opinion will issue this day.

SO ORDERED, this the 24th day of August, 2016.

                                         s/ S. Allan Alexander
                                         UNITED STATES MAGISTRATE JUDGE

---

activity at a given level of exertion). She appears to have compounded this error by proceeding to Step 5 to find – again without a VE's assistance – that there are other jobs in the national economy that plaintiff could perform.  *See Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000) (if the claimant suffers from nonexertional impairments or a combination of exertional and nonexertional impairments, then the Commissioner must rely on a vocational expert to establish that such jobs exist in the economy).